```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

ELLEN STIMSON,                    )
                                  )
        Plaintiff,                )
                                  )
        v.                        )    Case No. 2:23-cv-581
                                  )
STATE FARM FIRE AND CASUALTY      )
COMPANY,                          )
                                  )
        Defendant.                )
```

## OPINION AND ORDER

Plaintiff Ellen Stimson brings this action against State Farm Fire and Casualty Company ("State Farm") alleging that State Farm failed to make adequate payment on her insurance claim after a fire damaged her home.  The fire was reportedly caused by an electrical surge.  Pending before the Court is Stimson's motion to amend her Complaint to add Green Mountain Power Corporation ("GMP") as a defendant, and her husband John Rushing as a Plaintiff.  State Farm opposes the motion, noting that the addition of GMP as a party would destroy diversity jurisdiction and require a remand to state court.

For the reasons set forth below, the motion to amend is denied.

## Factual and Procedural Background

Ellen Stimson and John Rushing own a home in Dorset, Vermont.  On October 15, 2022, an electrical surge reportedly

caused a fire that resulted in severe damage. The home was insured by a policy issued by State Farm. Stimson was the only named insured on the policy.

Stimson filed a claim with State Farm for the losses associated with the fire. State Farm appraised the damage and made a payment. Stimson claims that she is owed additional amounts under the policy, and negotiations between the parties reportedly ensued.

On October 13, 2023, Stimson filed an action against State Farm in Vermont state court. Stimson claims, through counsel, that she was compelled to file her state court action at that time because State Farm refused to extend the policy's one-year limitations period. The Complaint alleges breach of contract; breach of the implied covenant of good faith and fair dealing; bad faith; and violation of the Vermont Consumer Protection Act. ECF No. 6. On November 2, 2023, State Farm, an Illinois corporation, removed the case to this Court. ECF No. 1.

On December 7, 2023, State Farm filed a subrogation action in state court against GMP, claiming negligence. ECF No. 32-3. Prior to doing so, its subrogation counsel notified Stimson in a November 30, 2023 email that State Farm intended to sue GMP for subrogation, and attached to the email a copy of its proposed complaint. ECF No. 32-1 at 5.

Stimson now moves the Court for leave to file an Amended Complaint. The Amended Complaint would bring claims against GMP, thus adding GMP as a Defendant. Stimson's motion also seeks to add her husband as a Plaintiff, asserting that he intends to bring his own claims against GMP for damage to the home. Stimson's motion acknowledges that "joining the new defendant will deprive the court of diversity jurisdiction and require it to remand back to State Court." ECF No. 21 at 4.

### Discussion

Title 28, Section 1447(e) states: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The decision whether to allow joinder of the new, non-diverse party "is within the sound discretion of the trial court." *Briarpatch Ltd. v. Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000). A court must first evaluate whether joinder of an additional defendant is permissible under Federal Rule of Civil Procedure 20(a)(2). *See Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003). The court must then decide whether such joinder "would comport with principles of fundamental fairness." *Wagley v. JP Morgan Chase Bank NA*, No. 18-cv-8668 (PGG), 2019 WL 13223235, at *4 (S.D.N.Y. Sept. 10, 2019).

Rule 20 permits joinder of defendants in a single action if there is asserted against them any right to relief arising out of "the same transaction, occurrence, or series of transactions or occurrences" and involving "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). Here, the underlying factual event is the house fire. The facts diverge, however, when the Court considers the causes of action being brought against State Farm and GMP. The claims against State Farm sound primarily in contract. They are based almost exclusively upon the language in Stimson's policy, and State Farm's corresponding adjustment of the loss. In sharp contrast, any claims against GMP would sound in negligence and focus on the cause of the fire. Consequently, joinder of GMP would not result in litigation involving "the same transaction, occurrence, or series of transactions common to all defendants." *Id.*

The Court also finds that the equities of the case do not favor granting the motion to amend. Courts in the Second Circuit have recognized four factors relevant to the equity analysis: "(1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend." *Wagley*, 2019 WL 13223235, at *4 (quoting *Lebetkin v. Giray*, No. 18-cv-8170

(DLC), 2018 WL 5312907, at *2 (S.D.N.Y. Oct. 28, 2018)); *see also Nazario*, 295 F. Supp. 2d at 363. This balancing of factors implicitly recognizes two competing interests: "[o]n one hand, there is the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources. On the other side, the diverse defendant has an interest in retaining the federal forum. Indeed, the removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

Before considering the equities of allowing amendment, the Court first addresses Stimson's claim of improper notice of the subrogation action. Stimson's motion claims that State Farm failed to provide her adequate notice under Vermont Rule of Civil Procedure 17(c), which requires an insurer to give written notice to the insured at least 14 days prior to filing an action for damages in the name of the insured. V. R. Civ. P. 17(c). State Farm notes, however, that it is not bringing an action against GMP in the name of the insured, and instead filed a subrogation action under its own name. Stimson's reply memorandum concedes that, "[a]fter further research and review ... State Farm has the right to bring a subrogation action in its own name and this is specifically allowed under V. R. Civ. P. 17." ECF No. 36 at 7. Moreover, the record indicates that

5

State Farm provided notice to Stimson prior to filing its action against GMP. ECF No. 32-1 at 5. The Court therefore considers the issue of notice under Rule 17 to be resolved.

Turning to the multi-factor equities test, Stimson certainly could have filed her motion sooner. She was notified in November 2023 of State Farm's intent to file suit against GMP. Her counsel represented at that time that his office was "representing Ms. Stimson in both her claim against State Farm as well as her claim against GMP. On behalf of Ms. Stimson and Mr. Rushing, our office would be joining any legal action against GMP, as she has damages that are not being covered by State Farm." ECF No. 32-1 at 4 (email dated November 30, 2023). Nonetheless, Plaintiff did not file the pending motion to amend until April 17, 2024 – over four months later.

With respect to prejudice to State Farm, none has been identified aside from its interest in prosecuting the case in federal court. While this interest is significant, "loss of the federal forum is a prejudice faced by all defendants presented with a motion to join a non-diverse party under Section 1447(e). On its own this is insufficient to disfavor amendment in the absence of other prejudice such as a required change of litigation strategy." *Spicer v. Oak Leaf Outdoors, Inc.*, No. 520CV1618LEKML, 2021 WL 5279631, at *3 (N.D.N.Y. Nov. 12, 2021). With respect to such litigation strategy, State Farm would face

6

a remand and, as a result, two separate but overlapping actions against GMP with the possibility of case consolidation. Although the Court will not speculate about the impact of consolidation on State Farm's litigation strategy, it notes the inherent complexity in joining contract and negligence claims in a single action.

The likelihood of multiple litigation does not weigh in favor of either party, as there will be multiple cases regardless of whether Stimson pursues her claims against State Farm in federal court or state court. If the Court were to grant her motion to amend and remand to state court, the parties could avoid multiple litigation by moving for consolidation of the two cases, although as noted above, such consolidation would significantly complicate State Farm's action against GMP.

The final consideration is Stimson's motivation in moving to amend. Her filings make clear that her intent is to destroy this Court's subject matter jurisdiction and compel a remand. "It is well established that 'a principal desire to destroy federal diversity jurisdiction is an impermissible motive.'" *Deutchman v. Express Scripts, Inc.*, No. 07-CV-3539(DLI)(RER), 2008 WL 3538593, at *4 (E.D.N.Y. Aug. 11, 2008) (quoting *Nazario*, 295 F. Supp. 2d at 364)). This factor therefore weighs heavily against granting the motion to amend.

7

If Stimson and her husband wish to pursue claims against GMP, they may do so on their own or move to join State Farm's state court action.  Stimson has instead filed the instant motion with the intent to destroy federal court jurisdiction, compel a remand and consolidate the cases, thereby injecting negligence claims into what is essentially a contract dispute. Because the equities do not weigh in Stimson's favor, her motion to amend is denied.

## Conclusion

For the reasons set forth above, Stimson's motion to amend the Complaint (ECF No. 21) is denied.

DATED at Burlington, this 29th day of July, 2024.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge
